[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the appeal of George and Jean Nestor seeking a review of an assessment of damages filed by the plaintiff, Commissioner of Transportation. The assessment has regard to the acquisition by eminent domain of the defendant-appellants' residential land and building at No. 15 Clayton Court, New Britain, together with an adjoining undeveloped parcel of land. Acquisition is authorized by Sec. 13a-73b of the Connecticut General Statutes, and is intended to permit the State's improvement of Connecticut Route 175. The defendants' appeal is pursuant to Sec. 13a-76 of the statutes.
The property consists of approximately .43 acres in an S-3 (single family) residential zone on which is situated a one-family woodframe dwelling constructed in 1949. The dwelling consists of six rooms and one and one-half baths. The property is situated in the east-central part of New Britain, more particularly on Clayton Court, a one-way street which connects with Route 175. It is located in a neighborhood which includes a mix of single family homes of varying age and style.
The parties stipulated that the date of taking was April 7, 2000, that the sum of $95,000 as compensation was deposited by the plaintiff with the New Britain Judicial District Clerk of Court, and that such sum was thereafter by order of court paid to the defendants, the owners of record at the time of taking.
The plaintiff's expert, John P. Kerr, a certified real estate appraiser who is employed by the Department of Transportation, utilizing the sales comparison approach, appraised the property on August 16, 1999, and found its fair market value to be $95,000. That amount includes the sum of $10,000, which Mr. Kerr assigns as the value of the adjoining undeveloped lot. The lot consists of approximately .19 acres of the overall .43 acres and, based on the evidence presented, is a separate buildable lot. CT Page 14177
The defendants' real estate appraiser, Thomas J. Ringrose, has served in that capacity for thirty-five years and, like Mr. Kerr, is licensed by the State of Connecticut. It should be noted that by stipulation the qualifications of both appraisers were conceded by the parties.
Mr. Ringrose, who performed his appraisal on January 4, 2000, also used the comparable sales approach in reaching his conclusion. It is his opinion that the building and that portion of the total land to which it is appurtenant (.24 acres) has a fair market value of $100,000. He concluded that the adjoining undeveloped building lot has a separate fair market value of $19,000, resulting in an aggregate property value of $119,000.
The expert witnesses agreed that the highest and best use of the property is the residential use made of it by the defendants.
In evaluating property taken through eminent domain the trial court is chargedwith the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, its general knowledge, and its view of the premises. Minicucci v. Commissionof Transportation, 211 Conn. 382, 388 (1989). In so doing the court is more than just a trier of fact or an arbitrator of differing opinions of witnesses; Id.; and it is free to accept or reject, in whole or in part, the expert testimony offered by either party. Toffolon v. Avon,173 Conn. 525, 530 (1977).
The court has considered the testimony of the witnesses, has reviewed the reports of the appraisers received in evidence, and has viewed the subject property and its general location. Relying on those factors and its own knowledge of the elements which establish value, all in the context of the applicable law, it finds the fair market value of the property subject to condemnation to be on the date of taking one hundred ten thousand ($110,000) dollars. The statement of compensation for the taking should be accordingly revised, and judgment may enter for the defendant-appellants for the deficiency of fifteen thousand ($15,000) dollars, such amount being in addition to $95,000 which they have already withdrawn. Interest on the deficiency from the date of taking to the date of payment is awarded, together with costs and an allowance of six hundred ($600) dollars toward the appraisal fee.
Gaffney, Judge Trial Referee